MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 88
Docket:        Pen-16-563
Submitted
  On Briefs:   April 27, 2017
Decided:       May 9, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE MARIAH Y. et al.


ALEXANDER, J.

[¶1]  The mother of Mariah Y. and Jebediah Y. appeals from a judgment of the District Court (Bangor, *Jordan, J.*) terminating her parental rights to the children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (1)(B)(2) (2016).[1] Counsel for the mother filed a brief indicating that there were no arguable issues of merit in this appeal and, in an order dated February 14, 2017, we afforded the mother the opportunity to file a supplemental brief.

[¶2]  Pursuant to that order, the mother filed a supplemental brief purporting to challenge the sufficiency of the evidence underlying the termination of her parental rights.  The mother's brief recounts how her history as a victim of abuse has affected her and her capacity to care for her

---

[1]  The father of the children is deceased.  The mother has an older daughter who is the subject of a separate child protection matter and who was the victim of a sexual assault that led to the mother's felony conviction.

2

children.  However, the mother's brief does not demonstrate any error in the trial court's findings regarding her incapacity to care for Mariah and Jebediah as a result of her past conduct and her present incarceration.  That incarceration will end, at the earliest, in October 2017, a year after the termination hearing in the trial court.

[¶3]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother was unable to protect the children from jeopardy and that these circumstances were unlikely to change within a time reasonably calculated to meet the children's needs, *see id.* § 4055(1)(B)(2)(b)(i); was unable to take responsibility for the children within a time reasonably calculated to meet their needs, *see id.* § 4055(1)(B)(2)(b)(ii); failed to engage in a good faith rehabilitation and reunification effort, *see id.* § 4055(1)(B)(2)(b)(iv); and that termination of her parental rights is in the children's best interests, *see* 22 M.R.S. § 4055(1)(B)(2)(a).  *See In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894.  The court based this decision on the following specific findings of fact.

[¶4]  The mother was convicted of one count of gross sexual assault, 17-A M.R.S. § 253(1)(B) (2016), and three counts of endangering the welfare of a child, 17-A M.R.S. § 554(1)(C) (2016).  The mother initially admitted to

the behaviors that constituted the sexual abuse. The victim of the gross sexual assault was the mother's oldest daughter, who was the subject of a separate child protection proceeding. As a result of the mother's actions, a jeopardy order in this proceeding was entered based on the court's finding that the children were in jeopardy to their health and welfare in the care and custody of their mother due to a threat of sexual abuse. The Department was relieved of its obligation to pursue reunification efforts with the mother because the court found the existence of a statutory aggravating factor. *See* 22 M.R.S. §§ 4002(1-B)(A)(1), 4041(2)(A-2)(1) (2016).

[¶5] On May 1, 2015, the mother was sentenced to fifteen years' incarceration with all but three years suspended on the conviction for gross sexual assault. She is currently serving that sentence but has filed a petition for post-conviction review based on alleged defects in the trial and in trial counsel's representation.

[¶6] While incarcerated, the mother has engaged in the educational and psychological services available to her. She has taken parenting classes and domestic violence classes, and has attended counseling. She also enrolled in a sex offenders counseling group, but admitted she did so only to avoid returning to prison from the re-entry center where she is currently housed.

Despite having admitted to the abuse in her criminal trial, the mother now denies having committed the sexual assault at all and is adamant that she does not need sex offender counseling.

[¶7] The children have been placed with a foster family and have done well over the last two years in that placement. The current foster parents may be willing to be permanent guardians, but they have not yet committed to that course.

[¶8] The trial court acknowledged that, pursuant to 22 M.R.S. § 4055(1-A)(A) (2016), it could presume that the mother is unwilling or unable to protect the children from jeopardy upon finding that she "has acted toward a child in a manner that is heinous or abhorrent to society." The trial court found by clear and convincing evidence that the gross sexual assault committed by the mother against her oldest daughter occurred and that it was heinous or abhorrent to society.

[¶9] Given these findings, the court adequately explained how the mother has failed to alleviate jeopardy, failed to engage in rehabilitative services, and failed to protect the children or be available to take responsibility for the children within a time reasonably calculated to meet their needs. *See In re Cameron Z.*, 2016 ME 162, ¶¶ 17-18, 150 A.3d 805;

*In re Brandi C.*, 1999 ME 68, ¶¶ 6-7, 728 A.2d 679.  The court did not err or abuse its discretion in determining that termination of the mother's parental rights is in the children's best interest.  *See In re M.B.*, 2013 ME 46, ¶¶ 40, 43, 65 A.3d 1260.  Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

_____

Wendy D. Hatch, Esq., Waterville, and the Mother, pro se, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2014-102
FOR CLERK REFERENCE ONLY